UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-cv-20200-DPG

**SECURITIES AND EXCHANGE COMMISSION,**

 Plaintiff,

v.

**JACK C. RIDALL and GUSS CAPITAL, LLC,**

 Defendants, and

**SHANNON A. SHARP,**

 Relief Defendant.

_____/

## JUDGMENT AS TO DEFENDANT JACK C. RIDALL

 THIS CAUSE came before the Court on Plaintiff's Unopposed Motion for Entry of Judgment Against Defendant Jack C. Ridall. [ECF No. 32]. The Court has reviewed the Motion and the record and is otherwise fully advised.

 On January 18, 2023, the Securities and Exchange Commission filed a Complaint against Defendants Jack C. Ridall ("Defendant or Ridall") and Guss Capital, LLC, and Relief Defendant Shannon A. Sharp. [ECF No. 1]. Ridall has entered a general appearance, consented to the Court's jurisdiction over him and the subject matter of this action and to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV), and waived findings of fact and conclusions of law and any right to appeal from this Judgment. Based thereon, it is ordered as follows:

# I. PERMANENT INJUNCTIVE RELIEF

### A.

### Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder

**IT IS HEREBY ORDERED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities;

(B) the prospects for success of any product or company;

(C) the use of investor funds;

(D) compensation to any person;

(E) Defendant's qualifications to advise investors; and/or

  (F) the misappropriation of investor funds or investment proceeds.

  **IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

B.

**Section 17(a) of the Securities Act of 1933**

  **IT IS FURTHER ORDERED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

  (A) any investment strategy or investment in securities;

  (B) the prospects for success of any product or company;

  (C) the use of investor funds;

  (D) compensation to any person;

  (E) Defendant's qualifications to advise investors; and/or

  (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### C.

### Sections 206(1), (2) and (4) of the Investment Advisers Act of 1940 and Rule 206(4)-8 thereunder

**IT IS FURTHER ORDERED** that Defendant is permanently restrained and enjoined from violating, while acting as an investment adviser, Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-6(1), (2), and (4)] and Rule 206(4)-8(a) thereunder [17 C.F.R. § 275.206(4)-8(a)] by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

 (b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

 (c) to engage in any act, practice, or course of business which is fraudulent, deceptive,

or manipulative;

(d) while acting as an investment adviser to a pool investment vehicle:

1. to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

2. Otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or investor or prospective investor in a pooled investment vehicle, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, or investor or prospective investor in a pooled investment vehicle, about:

(A) any investment strategy or investment in securities;

(B) the prospects for success of any product or company;

(C) the use of client funds;

(D) compensation to any person;

(E) Defendant's qualifications to advise clients; and/or

(F) the misappropriation of client funds or investment proceeds.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees,

and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II. OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## III. DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS FURTHER ORDERED** that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from December 1, 2020, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards

for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## IV. BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## V. INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VII. RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of April, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE