UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-cv-20200-DPG

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JACK C. RIDALL and | ) |
| GUSS CAPITAL, LLC, | ) |
| | ) |
| Defendants, and | ) |
| | ) |
| SHANNON A. SHARP, | ) |
| | ) |
| Relief Defendant. | ) |
| | ) |

**MOTION FOR ENTRY OF FINAL JUDGMENTS AGAINST DEFENDANTS JACK C. RIDALL AND GUSS CAPITAL, LLC, AND OTHER RELIEF**

The Securities and Exchange Commission ("Commission") pursuant to Section III of the Judgment entered by the Court on April 11, 2023 as to Ridall [ECF No. 35] and Section II of the Judgment entered by the Court on April 11, 2023 as to Guss Capital, LLC ("Guss Capital") [ECF No. 36] hereby moves for orders imposing final judgments against these defendants, joint and severally, for disgorgement of $401,467, plus prejudgment interest of $2,155.82, for a total of $403,622.82, with both Defendants' obligation to pay these amounts deemed satisfied by the restitution order entered against Ridall in the parallel criminal case against him, *United States v. Ridall,* 23-cr-20152 (DMM) (S.D. Fla. Apr. 6, 2023). And in light of Ridall's conviction and prison sentence, the Commission is not seeking a civil penalty against either defendant. The Commission further moves to dissolve the asset freeze [ECF No. 7], as to Ridall, Guss Capital, and Relief Defendant Shannon A. Sharp.

## I. Procedural and Factual Background

The Commission filed its complaint on January 18, 2023 alleging that Ridall and Guss Capital duped four investors into believing they were investing in securities in a fund managed by Defendants. However, instead of investing the investors' money in the purported fund as promised, Defendants misappropriated almost all investor money to fund a lavish lifestyle at the expense of the investors. [ECF No. 1, (Complaint) at ¶1]. Defendants raised $740,600 from investors, and these funds were used by Ridall for retail shopping, credit card payments, watches, and various dining activities. [ECF No. 3-7, (Declaration of Commission accountant Mark Dee ("Dee Dec.")), at ¶¶7-9]. These funds were all deposited into one Bank of America account in Ridall's name. [*Id.* at ¶¶4, 7; ECF. No 3-1 (Declaration of Matthew Pargament ("Pargament Dec.")), at ¶6; ECF No. 3-2 (Declaration of Susan Stuntebeck-Poff) ("Stuntebeck-Poff Dec.")), at ¶7]. Approximately $94,000 was transferred to his wife, Relief Defendant Sharp's bank account. [ECF No. 3-7 at ¶9; ECF No. 1 at ¶9]. As of November 9, 2022, there was $3.53 remaining in Ridall's Bank of America account. [ECF No. 3-7, at ¶¶4, 13].

On January 19, 2023, the Court granted the Commission's Emergency *Ex Parte* Motion for Asset Freeze and Other Relief, freezing Ridall, Guss Capital, and Sharp's identified bank accounts [ECF No. 7]. On March 27, 2023, the Commission moved for the entry of judgments against Ridall and Guss Capital, where the Defendants had previously consented to the entry of permanent injunctions and Ridall had also consented to the entry of an officer and director bar. [ECF No. 32 and 33]. The Commission also moved for entry of a consented to final judgment against relief defendant Sharp [ECF No. 34]. The Court granted the Commission's respective motions, and on April 11, 2023, entered the corresponding bifurcated judgments as to Ridall and Guss Capital [ECF No. 35 and 36], and the final judgment against Relief Defendant Sharp,

ordering her to pay $94,133 in disgorgement, representing investor proceeds transferred to her by Defendants for no apparent legitimate purpose, together with prejudgment interest thereon in the amount of $7,905.66, for a total of $102,038.66 [ECF No. 37].

On April 6, 2023, a sealed indictment was returned against Ridall in the Southern District of Florida, styled *United States v. Ridall,* No. 23-20152-CR-DMM (S.D. Fla. Apr. 6, 2023) [ECF No. 42]. The Indictment charged Ridall with five counts of wire fraud, 18 U.S.C. § 1343, for engaging in the same or similar conduct which formed the basis for the Commission's Complaint. [Ex. A]. On November 2, 2023, Ridall pled guilty to Count 1 of the Indictment. [Ex. B, at ECF No. 28]. On February 22, 2024, Ridall was sentenced to 30 months' imprisonment as to Count 1, and three years' supervised release, and Judgment was entered. [Ex. C]. As indicated in the filings preceding sentencing, one of the investors was made whole by Ridall's father who provided her shares in his company equal to her investment of $245,000 [Ex D].[1] On May 16, 2024, the Judgment was amended to include $485,000 in restitution which the government and Ridall had stipulated to, which equaled Ridall's ill-gotten gains minus the $245,000 credited for the made-whole investor for restitution purposes. [Ex. G].

## II. The Court Should Order Disgorgement in the Amount of Defendants' Ill-Gotten Gains, Plus Prejudgment Interest

The Court has authority to impose disgorgement in the amount of Defendants' net profits. *Liu v. SEC*, 140 S. Ct. 1936, 1942 (2020); *see* 15 U.S.C. § 78u(d)(7). The Commission's burden is to produce a "reasonable approximation of a defendant's ill-gotten gains." *CFTC v. Tayeh*, 848 F. App'x 827, 828 (11th Cir. 2021). Once the SEC meets this burden, the burden then shifts to

---

[1] While the government objected to Ridall's argument that the investor being made whole should reduce his recommended sentencing guideline range, [Ex. E], for purposes of the stipulated restitution the government credited Ridall with this investor being made whole, hence the $485,000 in stipulated restitution and not the larger amount of the total of his ill-gotten gains. [Ex. F]. (The allowed credit was $245,000, not $235,000 as referenced in Defendant's PSI objection).

the defendant to demonstrate that he incurred "legitimate business expenses" that should be deducted from the disgorgement amount. *Id.* As contemplated by the Defendants' Consents [ECF 35 and 36], in addition to ordering disgorgement, the Court should order prejudgment interest at the delinquent tax rate as established by the Internal Revenue Service, IRC § 6621(a)(2). *SEC v. Merchant Capital, LLC* 486 F. App'x 93, 97 (11th Cir. 2012); *SEC v. Huff*, 758 F. Supp. 2d 1288, 1364 (S.D. Fla. 2010), *aff'd on other grounds*, 455 F. App'x 882 (11th Cir. 2012).

Here, the Defendants' ill-gotten gains of $740,600 are offset by (1) Ridall's wife, Relief Defendant Sharp's Final Judgment of $94,133; and (2) one victim investor being made whole for $245,000. This reduces Defendants' ill-gotten gains to $401,467. Prejudgment interest on this disgorgement for the applicable period amounts to $2,155.82 [Ex. H]. There are no other applicable deductions.

Holding Ridall and Guss Capital jointly and severally liable for disgorgement plus prejudgment interest is appropriate because Ridall was the sole manager of Guss Capital, an entity that was little more than Ridall's alter ego which Ridall ran out of his apartment. *See,* e.g., *SEC v. Monterosso*, 557 Fed. App'x 917, 928-29 (11th Cir. 2014) ("It is a well settled principle that joint and several liability is appropriate in securities laws cases where two or more individuals or entities have close relationships in engaging in illegal conduct") quoting *SEC v. Calvo*, 378 F.3d 1211, 1215 (11th Cir. 2004).

Therefore, to avoid duplicative payment obligations, and in light of the criminal restitution order, the Court should deem payment of the disgorgement and prejudgment interest satisfied as to Ridall and Guss Capital, jointly and severally. Additionally, in light of Ridall's conviction and prison sentence, the Commission is not asking the Court to impose a civil penalty as to Ridall and his entity, Guss Capital, as it is forgoing its claim for this civil penalty relief. Finally, considering the lack of any meaningful funds in the Defendants' and Relief Defendant's bank

accounts, the Commission moves to dissolve the asset freeze against the Defendants and Sharp.

## Local Rule 7.1(a)(3) Certificate of Conferral

The undersigned represents that they did not confer with Mr. Ridall regarding this motion as he is incarcerated in Lompoc, California at FCI Lompoc II, making conferral with him impractical. The undersigned have informed Mr. Ridall's criminal defense attorney, Supervisory Assistant Public Defender, SDFL, R. D'Arsey Houlihan, of the relief the Commission seeks in this motion. The Commission is providing Mr. Ridall a hard copy of this motion via U.S. Mail, as well as to AFPD Houlihan via email at D'Arsey_Houlihan@fd.org.

{Proposed Final Judgments attached as Exhibits I, J, and K}

Dated: September 30, 2024                    Respectfully submitted,

By:   */s/ Russell Koonin*
      Russell Koonin
      Senior Trial Counsel
      Fla. Bar No. 474479
      Direct Dial: (305) 982-6390
      Email: kooninr@sec.gov

      Michael J. Gonzalez
      Senior Counsel
      Florida Bar No. 110598
      Direct Dial: (305) 982-6318
      Email: gonzalezmi@sec.gov

      Patricia Lehtinen Silva
      Counsel
      Florida Bar No. 107188
      Direct Dial: (305) 982-6319
      Email: silvapa@sec.gov

Attorneys for Plaintiff
**Securities and Exchange Commission**
801 Brickell Avenue, Suite 1950
Miami, FL 33131
Telephone: (305) 982-6300